750 F.2d 900
 UNITED STATES of America, Plaintiff-Appellee,
v.
U.S. TREASURY BILLS TOTALING $160,916.25 AND U.S. CURRENCY
TOTALING $2,378.75, Defendant,
Sun Bank of Miami, a banking corporation organized and
existing under the laws of the State of Florida, as personal
representative of the Estate of George Lee Mitchell,
Deceased, Intervenor-Claimant-Appellant.
 No. 84-8114
 
 Non-Argument Calendar.
 United States Court of Appeals,
Eleventh Circuit.
 Jan. 18, 1985.
 Jeffrey B. Bogart, Atlanta, Ga., for Sun Bank of Miami.
 G.R. Smith, Asst. U.S. Atty., Savannah, Ga., for Government.
 Thomas A. Cox, Atlanta, Ga., for interested party.
 Appeal from the United States District Court for the Northern District of Georgia.
 Before RONEY, HILL and HENDERSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 This is an appeal from a judgment entered in favor of the United States for forfeiture of funds pursuant to 21 U.S.C.A. Sec. 881(a)(6). On November 7, 1980, a plane crashed on takeoff from an airfield in Appling County, Georgia, killing the pilot, James Butler, and passenger, George Lee Mitchell. Inside a case removed from the wreckage was a large quantity of wet and partially burned United States currency. At the direction of the Georgia Bureau of Investigation (GBI) agent coordinating the investigation, the money was counted and placed in the vault of a local bank. Thereafter, a state court authorized the GBI to take exclusive custody of the money and permitted the exchange of the deteriorating currency for a cashier's check of equal value.
 
 
 2
 Following the plane crash, the GBI and the Federal Bureau of Investigation (FBI) conducted a broad investigation of a suspected drug smuggling enterprise in Appling County. See United States v. Carter, 721 F.2d 1514 (11th Cir.1984). The investigation culminated in December 1981 with the conviction of eleven defendants.
 
 
 3
 One month later, the United States brought this forfeiture action alleging that the funds found in the plane wreckage were used or intended to be used in drug related activities in violation of 21 U.S.C.A. Sec. 881(a)(6). In the meantime, on May 15, 1981, the Sun Bank of Miami, as personal representative of passenger Mitchell's estate, had filed an in personam action against the GBI state director and local state district attorney demanding release of the funds. The United States was neither served nor named as a party. The suit was eventually stayed pending resolution of this forfeiture action.
 
 
 4
 Sun Bank filed an answer and motion to intervene in the forfeiture action. The parties entered into a pretrial stipulation in which they agreed that the Government had probable cause to believe the funds were used in violation of Sec. 881(a)(6) and that there was only one factual issue before the court: whether the United States "seized" the defendant currency in November 1980 or at any time prior to the filing of the instant action. The parties further stipulated that there were only two legal issues before the court: (1) assuming a seizure in November 1980, whether the Government was justified in postponing the filing of the civil forfeiture action until January 1982; and (2) assuming a seizure in November 1980, and further assuming the delay was unjustified, whether the claimant must show he has suffered prejudice by reason of delay.
 
 
 5
 The trial court entered judgment for the Government. Sun Bank appealed. We affirm the district court's decision that a fourteen-month delay in the bringing of the forfeiture action by the Government in this case was not unjustifiable. Thus there was no violation of Sun Bank's right to due process, and it is unnecessary to decide whether there was a seizure in November 1980, or whether the claimant would have had to show prejudice if the delay was unjustified.
 
 
 6
 The district court correctly applied the four factor balancing test adopted by the Supreme Court in United States v. Eight Thousand Eight Hundred and Fifty Dollars ($8,850), 461 U.S. 555, 103 S.Ct. 2005, 76 L.Ed.2d 143 (1983). There the Supreme Court determined that the balancing test applicable to speedy trial claims in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), provides "an appropriate framework for determining whether the delay here violated the due process right to be heard at a meaningful time." 461 U.S. at 564, 103 S.Ct. at 2012, 76 L.Ed.2d at 152. The Barker test involves a weighing of four factors: the length of the delay, the reason for the delay, the claimant's assertion of his right, and prejudice to the claimant. Id. These factors "are guides in balancing the interests of the claimant and the government to assess whether the basic due process requirement of fairness has been satisfied in a particular case." Id.
 
 
 7
 The district court balanced these factors and found in favor of the Government. The Government is willing to assume, for purposes of argument, that a fourteen-month delay is sufficient to trigger further inquiry into the other Barker factors.
 
 
 8
 The second factor is the reason the Government assigns to justify the delay. In United States v. $8,850, the Supreme Court held that diligent pursuit of pending criminal proceedings presents strong reasons for delay in instituting civil forfeiture proceedings.
 
 
 9
 The district court determined that these considerations were significant in this case. The court noted the period between November 1980 and January 1982 was consumed with conducting a massive criminal investigation and prosecution of the very criminal activity that generated the funds. Moreover, there is nothing to indicate that the Government's investigation and subsequent criminal case was not pursued with diligence. In fact, considering the scope and nature of the criminal charges it was apparent that the investigation and prosecution proceeded quite rapidly. Moreover, the district court found that a contemporaneous civil proceeding would have provided improper opportunities to discover the details of the Government's criminal case.
 
 
 10
 Although Sun Bank relies on the testimony of a federal agent to the effect that a contemporaneous civil forfeiture action would not have affected the criminal investigation, the district court's finding on this issue is supported by sufficient evidence to require affirmance under the clearly erroneous standard of review.
 
 
 11
 The third factor concerns whether Sun Bank asserted its right to a judicial hearing. The district court determined that although Sun Bank made no demand, either formal or informal, on the federal agencies involved in the criminal investigation, it did assert an interest in the funds sufficient to meet this requirement. Since the ruling for the Government is supported by the decision that the delay was for justifiable reasons, it is not necessary to rule on this factor.
 
 
 12
 The fourth factor concerns whether claimant has been prejudiced by the delay. The district court held that Sun Bank has not been prejudiced by the delay nor has it alleged or suggested that the delay hampered its ability to litigate this action on the merits. Even if Sun Bank might not have to show prejudice under certain circumstances, as it contends, the finding that the delay was for good reason would appear to control the decision where there is a supported finding of no prejudice.
 
 
 13
 The district court properly determined from these findings that the Government's delay in instituting this forfeiture proceeding did not deny Sun Bank its due process right to a hearing at a "meaningful time." Because of this decision, the district court was within its discretion in not addressing the standing of Sun Bank, an issue raised by the Government.
 
 
 14
 AFFIRMED.