**Manuel GONZALES, Tommy Ramos, on Behalf of Themselves and All Others Similarly Situated,**

**v.**

**Perry RIVKIND, Robert Adams and Alan Nelson (Perry Rivkind, District Director, District Six, Immigration and Naturalization Service).**

**No. 83–39–Civ–T–15.**

United States District Court, M.D. Fla., Tampa Division.

Jan. 15, 1986.

On Motion to Amend Judgment Feb. 3, 1986.

Nora Leto and Tillie Lacayo, Florida Rural Legal Services, Bartow, Fla., for plaintiff.

Lynn England, Asst. U.S. Atty., Tampa, Fla., William C. Brown, Trial Atty., General Litigation & Legal Advice Sect. Crim. Div., Washington, D.C., for defendant.

## ORDER

CASTAGNA, District Judge.

The representative plaintiffs in this class action are persons whose automobiles or trucks were seized by agents of the Immigration and Naturalization Service (INS) for suspicion of smuggling illegal aliens. The seizures were carried out in accordance with the INS Miami Sector Seizure Program which seems to be designed for enforcement of 8 U.S.C. § 1324, a statute enacted to halt the flow of illegal aliens into and around the United States.

Under 8 U.S.C. § 1324(b) a conveyance may be seized without warrant if there is probable cause to believe that it has been used in a violation of 8 U.S.C. § 1324(a) and once seized such conveyance is subject to the standard customs forfeiture provisions. *See, e.g.,* 19 U.S.C. §§ 1604–1618. For the purposes of this case a violation of 8 U.S.C. § 1324(a) occurs when a person transports an illegal alien knowing that such illegal alien entered the United States within the prior three years. Moreover, for the purposes of this case, a conveyance is an automobile or a truck.

On May 25, 1984 this Court certified the following class of plaintiffs:

All persons whose vehicles have been or will be seized by agents from District Six of the Immigration and Naturalization Service and who have not been or will not be afforded a prompt probable cause hearing before an impartial individual.

The Court also certified the following subclass of plaintiffs:

All vehicle owners whose vehicles were not used in violation of 8 U.S.C. § 1324(a), but who must pay costs of seizure and release Defendants from lia-

bility in order to get their vehicles returned.

As is indicated by the class definitions, the representative plaintiffs attack the constitutionality of 8 U.S.C. § 1324 and the regulations and procedures followed by the INS because owners of seized vehicles are not provided a prompt probable cause hearing before a neutral judicial officer and because INS procedures require vehicle owners to pay seizure related costs and sign indemnity agreements as conditions precedent to the return of seized vehicles, even in cases where no violation of law is proved. Indeed, in some cases seizure related costs must be paid by the vehicle owner and the indemnity agreements must be signed by him even though no charges are even brought by the government.

The plaintiffs have filed their motion for summary judgment and the defendants have filed a response in the nature of a blanket denial of plaintiffs' fact allegations. The Court notes that the parties have spent a considerable amount of time and resources bickering about many facts that are not material to the issues in this case. Regardless of whether the plaintiffs were smuggling aliens or whether the agents who made the seizures did so on the good faith belief that probable cause existed or whether the INS provides a review interview before an INS officer as expeditiously as possible, the material facts have not been directly disputed by the government.

The facts that are material to the plaintiffs' claims are first, that vehicle owners had their automobiles or trucks seized by INS agents; second, that the owners of the seized vehicles were not afforded a prompt probable cause hearing before a neutral judicial officer; and third, that the owners of the vehicles were required to pay seizure related costs and sign indemnity agreements as conditions precedent to recovery of the vehicles even where no violation of law was found and sometimes where no charges even were brought.

The government contends that there are no due process problems with the INS sei-

zure program because first, vehicles are seized only when the agent has probable cause to believe a violation of 8 U.S.C. § 1324(a) has occurred; second, upon the vehicle owner's request, an administrative interview by an INS officer is scheduled as expeditiously as possible; third, if the vehicle is returned to the owner because INS decides there was no probable cause the owner is not charged seizure costs; and fourth, vehicle owners can pursue their property by suing the United States for return of the vehicles or by defending against forfeiture and therefore have an adequate remedy at law.

■ The Court has reviewed all of the cited statutory provisions and declines to find 8 U.S.C. § 1324 unconstitutional but does find that the INS Seizure Program procedures in enforcing that statute and the seizure expense repayment requirements of 8 C.F.R. 274.5(c) & (d) do not comport with the minimum constitutional requirements of due process. Moreover, there is no basis for the requirement that vehicle owners execute indemnity agreements as prerequisites to having vehicles returned.

In *Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1975) the Supreme Court stated that due process is a flexible concept that calls for such procedural protections as the particular situation demands. The Court set forth a three factor analysis for assessing due process requirements when the government takes or seizes property. Those factors are the private interest affected, the risk of an erroneous deprivation, and the governmental interest involved, including fiscal and administrative implications of any Court imposed changes of procedures. *Id.* at 335, 96 S.Ct. at 903.

With the *Mathews* approach in hand the Court finds first that the private interest involved in this case, i.e. the free use of ones private motor vehicle and the right to not be arbitrarily deprived of that property by the government warrants a very high degree of protection and that the due process considerations implicit in any such

deprivation weigh heavily in favor of a prompt and neutral assessment of the police interest involved in any seizure.

The government does not deny that many of the vehicles seized under the INS Seizure Program are personal or family use vehicles. The deprivation of such vehicles obviously would work substantial hardship on those denied transportation and the socioeconomic reality of the situation is that *transient* workers are a likely target of the INS and their need for private transportation is perhaps more acute than the norm. The property interest is very high.

This is not a case involving seizure of aircraft, boats or other more exotic means of transportation that are not typically essential to everyday life or to maintaining a job. Nor is this a case where illicit cargo is obvious or where the presence of illegal aliens alone is a dispositive indication that a violation has occurred and that the vehicle is subject to seizure. *See, e.g.,* 8 C.F.R. § 274.5. This is a situation in which the government takes a man's automobile, tells him to go home and then holds the car while administrative persons review the seizure to decide whether to press charges or proceed to forfeiture. The decision making process alone may take weeks or longer under the present program.

It is clear from the record of this case that the INS does not have any procedure in place to assure that a prompt probable cause determination before a neutral judicial officer is available to the owner of a seized vehicle. The government's only response to that material fact is that a hearing or interview with an INS officer who was not involved in the seizure is available "as expeditiously as possible" after the vehicle owner makes a proper request for such an interview.

In essence, the INS program places the vehicle owner in the position of having to prove that there was no probable cause for the seizure even though the law requires the existence of probable cause as a prerequisite to seizure, impoundment and the forfeiture proceedings that *may* follow. The government may be correct in stating that the burden of proof in a normal forfeiture proceeding is on the claimant to show that the property was not tainted by illegal activity or that the claimant should not be deprived of his property, but the presumption at the seizure stage must be that the vehicle owner is entitled to his property unless the government can show probable cause that a violation has occurred and given the property interest involved in this case due process requires that such showing be made promptly before a neutral judicial officer if the INS intends to deprive the owner of his automobile or truck.

This brings the Court to the second factor in the analysis and that is the risk of erroneous deprivations. For these purposes an erroneous deprivation must be one where no violation of 8 U.S.C. 1324(a) is found. The government might argue that an erroneous deprivation is one that occurs where there is no probable cause that a violation of 8 U.S.C. § 1324(a) occurred, and that definition probably would shorten the list of erroneous deprivations, but such a classification does not yet exist because there have been no probable cause hearings before a neutral judicial officer.

As a practical matter the present INS procedures recognize the desirability of some expeditious post seizure determination by someone other than the seizing agent. The INS already recognizes the real potential that owners may erroneously be deprived of their motor vehicles and the named plaintiffs can attest that such potential exists. The Court finds that such potential under the present program is not slight and is in no way swayed by the suggestion that seizures occur at a rate of less than one per month. *See* Montville Affidavit (fifteen seizures over eighteen month period in Miami Sector). The erroneous deprivation factor like the private interest factor, weighs in favor of a prompt probable cause determination by a neutral judicial officer.

The final *Mathews* factor is the burden that a change in procedure will place upon the government. The Court finds that the

marginal added administrative or fiscal burden that may be realized in requiring a prompt probable cause determination before a neutral judicial officer should be minimal and inconsequential. For one thing, the INS already has a procedure, although an inadequate one, for reviewing seizures and for considering allegations of erroneous seizures and the INS agrees that such review should occur expeditiously. Moreover, the government's contribution to the record includes evidence that the type of seizure involved in this case is rather infrequent. The burden of supplementing the procedures to include a probable cause determination by a neutral judicial officer will be slight.

■ The Court concludes that each of the *Mathews* factors weighs in favor of greater due process protection to vehicle owners than that which presently is accorded by INS procedures. By that same analysis the Court concludes that under the present program the INS cannot lawfully make vehicle owners pay seizure related costs or sign indemnity agreements as conditions precedent to the return of the vehicles where no violation is found or where no charges are brought. It is inherently unfair for the government erroneously to take an automobile or truck, and then make the vehicle owner pay the cost of taking and relieve the takers of liability as a condition to the return of the vehicle, where no violation of law has occurred. Such is to add injury to injury thereby compounding the wrongful deprivation. The unfairness of that policy seems to this Court to be so obvious that the defense of such a policy is incredible.

Common sense dictates that the better rule, and the only rule consistent with due process of law in this case, would place the costs of erroneous seizures upon the party that is in the best position to minimize the number of erroneous seizures and to minimize the costs involved. That party is the government and not the vehicle owners whose passengers may, to some, appear alien.

With respect to the plaintiffs' equal protection argument set forth at count three the Court notes the government's rather hollow "we do the same thing to everyone" response but finds that the issue is moot given the disposition of counts one and two.

Finally, the plaintiffs have argued that under the current law, regulations and procedures vehicle owners are prohibited from raising the defense that no violation of 8 U.S.C. § 1324(a) occurred. However, contrary to the plaintiffs' assertions, nothing in the "express" terms of 8 C.F.R. § 274.-5(b) could preclude members of the class from making the argument that no violation of 8 U.S.C. § 1324(a) occurred. The only reasonable reading of 8 C.F.R. § 274.-5(b) is that it provides certain owners with a basis for having their vehicle returned despite the fact that the vehicle *was* used in a violation of 8 U.S.C. § 1324(a).

Having considered the foregoing, it is

ORDERED:

1. That the defendants are restrained from seizing without warrant automobiles and trucks in their efforts to enforce 8 U.S.C. § 1324(b) unless:

A) Within seventy-two hours of the seizure of any automobile or truck (vehicle) suspected of having been involved in a violation of 8 U.S.C. § 1324(a) the owner of the seized vehicle, at his request, is provided the opportunity of a hearing before a judicial officer at which hearing it shall be the seizing agency's burden to show probable cause to believe that the vehicle was involved in such violation. If the owner is notified of the seizure some time after the seizure or if the owner later requests a hearing such hearing shall be provided within seventy-two hours of the vehicle owner's request. At the time of the seizure, the vehicle owner, or the driver if the owner is not present, shall be notified of the owner's right to a probable cause hearing verbally and in writing and so told how the owner should request such a hearing. The

vehicle owner shall have the right to attend the hearing and shall be afforded twenty-four hours notice of the time and place. If the seizing agency fails to bring the matter before a judicial officer within the seventy-two hour period from the request, the vehicle shall be released to the owner who shall not be charged any costs related to the seizure or caused to execute any limitation of liability; and

B) No vehicle owner shall be charged any costs related to seizure or impoundment of a vehicle that is not found to have been involved in a violation of 8 U.S.C. § 1324(a), nor shall such owner be required to execute any limitation of liability as a condition precedent to the return of a vehicle that is not found to have been involved in a violation of 8 U.S.C. § 1324(a).

2. That the INS shall refund to all members of the class any costs paid by such members to secure the release of vehicles seized that were not proven to have been involved in violations of 8 U.S.C. § 1324(a).

3. That judgment be entered for the plaintiff class and subclass and against the defendants on counts one and two.

4. That count three is moot.

5. That the plaintiffs' attorneys shall within twenty (20) days file memoranda setting forth the legal basis for their request for attorneys fees in this case. The defendants shall have ten (10) days to respond. The issue of the amount of attorneys fees, if appropriate, will be heard at a later date.

ON MOTION TO AMEND JUDGMENT

The Court has considered the defendants' motion for stay of execution of judgment and the defendants' motion to amend judgment.

The defendants argue that the decisions rendered in *United States v. $8,850*, 461 U.S. 555, 103 S.Ct. 2005, 76 L.Ed.2d 143 (1983) and *United States v. Von Neumann*, — U.S. —, 106 S.Ct. 610, 88 L.Ed.2d 587 (1986) compel the conclusion that summary judgment should be entered in favor of the defendants and that the Court's Order of January 15, 1986 should be rescinded. The Court has reviewed *$8,850* and *Von Neumann* and finds that the factual, procedural and substantive law distinctions between those cases and the instant case are clear and significant and need only be highlighted here. First, *$8,850* and *Von Neumann* involved border incidents. Second, in both cases the conduct of the claimants provided probable cause for the initial seizure (neither case expressly dealt with the probable cause issue) and at least a technical violation of customs law (e.g., failure to disclose) was apparent at the point of each seizure. Third, in both cases the focus of the Supreme Court's due process analysis was post seizure and that analysis at least implicitly presumed the validity of the seizure. Fourth, neither *$8,850* nor *Von Neumann* dealt with the minimum due process safeguards necessary to protect against an erroneous seizure, much less an erroneous seizure made pursuant to 8 U.S.C. § 1324. These are just four of the distinctions between *$8,850* and *Von Neumann* and the instant case, distinctions which individually and cumulatively render the holdings of *$8,850* and *Von Neumann* inapplicable to the facts of this case.

The Court also has reviewed the defendants' request for "limited specific alteration of the order" and finds that most of the requested alterations are unwarranted or unnecessary. However, in view of the government's suggestion that the INS will attempt to require a cost or claim bond as a prerequisite to a prompt probable cause determination the Court shall clarify the January 15, 1986 Order to make it explicitly clear that no cost or claim bond of any kind or amount shall be required of any owner of an automobile or truck who requests a probable cause determination. The government's reference to 19 U.S.C. § 1608 is not well taken. That section clearly applies generally to claims to seized

property made after publication of notice of seizure in situations where the government has decided to proceed with forfeiture and does not apply to the facts of the instant case.

Having considered the foregoing, it is ORDERED:

1. That the Court's January 15, 1986 Order is amended by *adding* the following sentence to numbered paragraph 1(A) as the new penultimate sentence of that subsection A:

No vehicle owner shall be required to post any cost or claim bond of any kind or amount as a prerequisite to such a hearing.

2. That the government's motion to amend judgment is denied.

3. That the government's motion for stay of execution is denied.