[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-13805

Non-Argument Calendar

_____

HALIMA TARIFFA CULLEY,
on behalf of herself and those similarly situated,

Plaintiff-Appellant,

*versus*

ATTORNEY GENERAL, STATE OF ALABAMA,
DISTRICT ATTORNEY OF THE 13TH JUDICIAL CIRCUIT
(Mobile County),
CITY OF SATSUMA, ALABAMA,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:19-cv-00701-TFM-MU

_____

_____

No. 21-13484

Non-Argument Calendar

_____

LENA SUTTON,
On behalf of herself and those similarly situated
as described below,

Plaintiff-Appellant,

*versus*

LEESBURG, ALABAMA, TOWN OF,

Defendant-Appellee,

STATE OF ALABAMA,

21-13805                Opinion of the Court                3

Intervenor-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 4:20-cv-00091-ACA

_____

Before WILSON, JORDAN, and NEWSOM, Circuit Judges.

PER CURIAM:

This appeal is consolidated from two cases, one brought by Ms. Halima Culley, and the other by Ms. Lena Sutton. Both Appellants seek monetary damages for alleged violations of, and conspiracy to violate, their Eighth and Fourteenth Amendment rights. Ms. Culley also seeks injunctive relief. After careful review, we lack jurisdiction to consider the claims for injunctive relief because they are moot. And as to the remaining claims, the district courts correctly held that they are foreclosed by binding precedent. We thus affirm.[1]

---

[1] The Appellees offer several additional reasons to affirm: claim preclusion, issue preclusion, and the abstention doctrine of *Younger v. Harris*, 401 U.S. 37, 44 (1971). Because these bases are not jurisdictional, and because the rulings below are due to be affirmed in any event, we need not reach these issues. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 282 (2005) ("Preclusion is not a jurisdictional matter."); *Walker v. City of Calhoun*, 901

I

We assume the parties are familiar with the factual and procedural background of these consolidated cases, and thus recount only the facts necessary to resolve this appeal.

We begin with the Culley Action. On February 17, 2019, Ms. Culley's son was pulled over by police while driving a car registered to his mother. Police arrested him and charged him with possession of marijuana and drug paraphernalia in Satsuma, Alabama. The City of Satsuma also seized the vehicle incident to the arrest. Ms. Culley tried to retrieve the vehicle, but to no avail. On February 27, 2019, the State of Alabama filed a civil asset forfeiture action in state court. After 20 months, the state court granted Ms. Culley summary judgment, finding that she was entitled to the return of her vehicle under Alabama's innocent-owner defense. *See* Ala. Code § 20-2-93(h).

Next, the Sutton Action. In February 2019, a friend of Ms. Sutton's took her car to run an errand. While he was en route, the town of Leesburg police pulled him over. After a search of the vehicle turned up methamphetamine, the police arrested the driver and seized Ms. Sutton's vehicle. Ms. Sutton, like Ms. Culley, eventually obtained summary judgment in a civil forfeiture case based

F.3d 1245, 1254 (11th Cir. 2018) (The *Younger* abstention doctrine is not a jurisdictional matter).

on the innocent-owner defense—but not until more than a year after the seizure of her vehicle.

Ms. Culley and Ms. Sutton each filed class actions in federal district court.  Ms. Culley sued three defendants in the Southern District of Alabama: the Attorney General of the State of Alabama, the District Attorney for the 13th Judicial Circuit of Alabama (together, the State or the State Defendants), and the City of Satsuma. Ms. Sutton sued the Town of Leesburg in the Northern District of Alabama, after which the State of Alabama intervened in the action.  Both plaintiffs sued under 42 U.S.C. § 1983, claiming, as relevant here, that the defendants' failure to provide a prompt post-deprivation hearing violated their rights under the Eighth and Fourteenth Amendments.  They also brought § 1983 conspiracy claims.

The defendants prevailed in both actions.  In the Culley Action, the district court granted the State Defendants' motions for judgment on the pleadings, and granted the City of Satsuma's motion to dismiss.  In the Sutton Action, the district court dismissed Ms. Sutton's Eighth Amendment claim and later granted summary judgment to the Town of Leesburg on her Fourteenth Amendment claim.  On the Fourteenth Amendment claim, both district courts held that binding Eleventh Circuit precedent—particularly our decision in *Gonzales v. Rivkind*, 858 F.2d 657 (11th Cir. 1988), required the application of the test set forth in *Barker v. Wingo*, 407 U.S. 514 (1972).  And under that test, the courts held that the plaintiffs' claims failed.  Neither plaintiff contended below that she

could prevail under the *Barker* test—only that it should not apply. As to the Eighth Amendment claims, the courts held that the retention *pendente lite*—that is, during litigation—of a vehicle seized under Alabama's Civil Asset Forfeiture Statute was not a "fine" and thus could not violate the Eighth Amendment's Excessive Fines Clause.

## II

We review de novo the grant of a motion to dismiss, a motion for judgment on the pleadings, and a motion for summary judgment.  *See Sun Life Assurance Co. of Canada v. Imperial Premium Fin., LLC*, 904 F.3d 1197, 1207 (11th Cir. 2018).

## III

Before reaching the merits, we must satisfy ourselves that we have jurisdiction over all of the issues before us.  Under Article III of the Constitution, we lack jurisdiction to decide questions that have become moot.  *Powell v. McCormack*, 395 U.S. 486, 512–13 (1969).  A case generally becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 496.  The State Defendants argue that Ms. Culley's claims against them for prospective injunctive relief are moot.  Once she obtained the return of her vehicle, they argue, no further prospective injunctive relief could be granted, and thus there is no live controversy.

Ms. Culley counters that her class claims fall within an exception to mootness for claims that are "inherently transitory,"

meaning they are so fleeting that they are bound to become moot before class certification. *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 76 (2013). In such cases, "where the transitory nature of the conduct giving rise to the suit would effectively insulate defendants' conduct from review, certification [can] potentially 're-late back' to the filing of the complaint." *Id.* We find, however, that this exception to mootness does not apply here. Ms. Culley's state forfeiture proceedings began in February 2019. She filed this suit seven months later. Thirteen months after that, her state forfeiture proceedings finally concluded and her vehicle was returned to her. If Ms. Culley were correct that the Defendants had no right to hold her vehicle during the state forfeiture proceedings without a probable cause hearing, her claims for injunctive relief would have been live during the lengthy pendency of the state court litigation. Her claims for injunctive relief, then, are not the sort of fleeting claims that could trigger the inherently-transitory exception to mootness. As a result, these claims are moot, and we lack jurisdiction to address them.

A live controversy remains, however, as to Ms. Culley's claim for monetary damages against the City of Satsuma, and as to Ms. Sutton's claim for monetary damages against the Town of Leesburg.[2] The Appellants make two arguments on appeal: one under the Fourteenth Amendment and one under the Eighth Amendment. We address those arguments in turn.

---

[2] There are no claims for monetary damages against the State Defendants.

A

The first argument raised by the Appellants is that the Appellees violated their due process rights under the Fourteenth Amendment by retaining their vehicles during litigation without a showing of probable cause that the vehicles were forfeitable. We have addressed the requirements of due process in the context of a post-seizure challenge pending a final forfeiture trial. *See Gonzales*, 858 F.2d 657. In *Gonzales*, the Immigration and Naturalization Service had seized the claimants' vehicles which were being used to transport undocumented immigrants. *Id.* at 659. The owners of the vehicles brought a class action challenging the forfeiture procedures on due process grounds. *Id.* To analyze the due process claim, the district court had applied the factors set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1975), and found that they weighed in the claimants' favor. *Gonzales v. Rivkind*, 629 F. Supp. 236, 240 (M.D. Fla. 1986). The district court had thus ordered that the claimants be provided a probable cause hearing within 72 hours of seizure. *Id.* On appeal, we reversed, holding that two Supreme Court decisions, *United States v. $8,850*, 461 U.S. 555 (1983) and *United States v. Von Neumann*, 474 U.S. 242 (1986), were controlling and required us to apply *Barker* rather than *Mathews*. *See Gonzales*, 858 F.2d at 661–62. Applying the *Barker* factors, we then held that a merits hearing on forfeiture, "if timely, affords a claimant of seized property all process to which he is constitutionally due." *Id.* at 661.

Here, the Appellants say that the district court erred by analyzing due process under *Barker* rather than *Mathews*. They argue

21-13805              Opinion of the Court                    9

that while the *Barker* test governs the timeliness of a merits hearing on forfeiture, they are seeking something different—a probable cause hearing to determine whether they can retain their property during the pendency of litigation. The Appellants note that at least one circuit has taken their view. *See Krimstock v. Kelly*, 306 F.3d 40 (2d Cir. 2002). We remain bound, however, by our prior precedent "unless and until [it] is overruled by [our] Court sitting en banc or by the Supreme Court." *Smith v. GTE Corp.*, 236 F.3d 1292, 1300 n.8 (11th Cir. 2001). And in *Gonzales* we rejected the argument that due process requires the sort of probable cause hearing the Appellants seek. We held instead that a timely merits hearing affords a claimant all the process to which he is due, and that the timeliness analysis is governed by *Barker*. *See Gonzales*, 858 F.2d at 661–62. That precedent is dispositive here, and we thus affirm the holdings of the district courts.

B

The Appellants argue next, without any on-point authority, that the temporary forfeiture of their vehicles violates the Eighth Amendment's provision that excessive fines shall not be imposed. At the founding, a "fine" meant "a *payment* to a sovereign as punishment for some offense." *United States v. Bajakajian*, 524 U.S. 321, 327 (1998) (emphasis added). As a result, a *forfeiture* can constitute a fine when it is "at least partially punitive." *Timbs v. Indiana*, 139 S. Ct. 682, 689 (2019). Temporary retention of property, on the other hand, cannot be a payment at all because it is not permanent. *See Coleman v. Watt*, 40 F.3d 255, 263 (8th Cir. 1994).

Only after property is permanently forfeited and ownership changes can a claimant challenge the forfeiture as an excessive fine. Therefore, we affirm in this regard.

## IV

In conclusion, we lack jurisdiction to hear Ms. Culley's claim against the State Defendants for injunctive relief because that controversy is no longer live. As to the Appellants' monetary damages claims under the Fourteenth and Eighth Amendments, binding precedent forecloses those claims. And consequently, the Appellants' conspiracy claims must also fail. *See Spencer v. Benison*, 5 F.4th 1222, 1234 (11th Cir. 2021) (holding that "an underlying violation of [ ] constitutional rights . . . is required to sustain a § 1983 conspiracy claim"). Accordingly, we dismiss the appeal in part and affirm in part.

**DISMISSED IN PART; AFFIRMED IN PART.**